[No. 5869.  Decided March 29, 1906.]

LEWIS DUSENBERRY *et al., Appellants,* v. WILLIAM McDOLE
*et al., Respondents.*[1]

PRINCIPAL AND AGENT—AGENCY—UNDISCLOSED PRINCIPAL—BILLS
AND NOTES—AUTHORITY TO ACCEPT PAYMENT IN GRAIN.  Where a note
and mortgage is made to an agent of a nonresident loan company
holding a general power of attorney, without disclosing his principal,
and it is agreed that the payments may be made in grain, and pay-
ments were so made for ten years, it must be held that the agent
represents and is acting for the mortgagee in receiving payments in
grain, and had authority so to do.

Appeal from a judgment of the superior court for Co-
lumbia county, Miller, J., entered April 1, 1905, upon find-
ings in favor of the defendants, after a trial on the merits
before the court without a jury, in an action to foreclose a
mortgage.  Affirmed.

*Miller & Fouts,* for appellants.

*M. M. Godman, Hardy E. Hamm,* and *M. F. Gose,* for
respondents.

MOUNT, C. J.—This action was brought to foreclose a
mortgage upon certain real estate in Columbia county.  The
complaint is in the usual form in foreclosure.  The answer
of the mortgagor, after denying among other allegations the
amount alleged to be due, affirmatively pleaded payment, and
also that the action is barred by the statute of limitations.
At the trial of the case the lower court sustained the plea
of payment and dismissed the action.  The facts are, in sub-
stance, as follows:  In the year 1890, the respondent Jacob
Stencel was the owner of the land in question.  In March
of that year he sold the same to respondent McDole, and
gave him a bond for a deed.  In December of the same year
Mr. Stencel agreed to deed the land to Mr. McDole and take
a purchase money mortgage for the amount due, and that

[1]Reported in 85 Pac. 40.

Mr. McDole might pay the notes by delivering grain each year.

At that time Mr. Stencel was agent for the appellants, who were then, and are now, residents of California, loaning money in Columbia county. Mr. Stencel held general powers of attorney for collecting money due the appellants, and satisfying mortgages in said county. The appellants furnished the money in this case, and Mr. Stencel executed a deed to Mr. McDole; whereupon the latter, on December 23, 1890, executed his three promissory notes, one for $1,000 due November 1, 1891, and one for $1,000 due November 1, 1893, and one for $1,350 due November 1, 1894, payable to the appellants, and on the same day executed and delivered to Mr. Stencel the mortgage sued upon, which was given to secure the payment of the notes above named. Thereafter, until the year 1900, respondent McDole delivered large quantities of grain to Mr. Stencel to be applied in payment of the notes, and it appears to be conceded that more than enough grain was delivered to pay the notes; but Mr. Stencel testified that Mr. McDole drew ahead for so many other purposes that the amount credited upon the notes was all that was left to apply thereon.

After the crop for the year 1899 had been delivered to Mr. Stencel, while he then had the notes in his possession at Dayton in Columbia county, a settlement was had between Mr. Stencel and Mr. McDole, and it was then agreed between them that the notes had been fully paid. Mr. Stencel agreed to deliver the notes to Mr. McDole on the next day. This, however, was never done. It appears to be a conceded fact, that all payments made by Mr. McDole upon the notes were made by the delivery of grain to Mr. Stencel; that Mr. Stencel received the grain and sold it and retained the proceeds to be credited upon the notes. Appellants claim that Mr. Stencel was the agent of Mr. McDole for the purpose of selling the grain, and that if he was agent for appellants, he was author-

ized to receive payment only in money. The trial court found against both these contentions.

We think the evidence is conclusive that Mr. Stencel was the agent of appellants for all purposes connected with the notes and mortgage. He made the loan for the appellants, and it appears that Mr. McDole had no knowledge of the fact that the notes and mortgage were made out to the appellants until about the time the action was brought to foreclose. Mr. Stencel was the only person that respondent knew in the transaction, and respondent dealt with him as the principal. It was agreed when the notes were given that payments should be. made in grain, and payments were so made for nearly ten years. No money payments at all were made. All payments were made in grain. While it is true that an agent authorized to receive payment is ordinarily deemed intrusted with power to receive it in money only, yet when there has been a long course of dealing and payments are received by the agent according to such course, if the agent alone is known, and he is supposed to be the principal, and the debtor has no notice of any claim by the real principal, the latter will be bound. Story, Agency, (9th ed.), §§ 429, 430.

Furthermore, the appellants must be held to have ratified the payments in grain, or they must be held to have disaffirmed such payments. In the latter event the notes were long since barred by the statute of limitations. In the former event the notes have been paid. Under the facts in the case, we are convinced that Mr. Stencel had authority to receive the grain as payment of the notes, and that he was the agent of appellants for that purpose, and not the agent of Mr. McDole.

The questions of fact presented in the case are based upon conflicting evidence, which we have examined, and we conclude that the findings of the lower court are in accordance with the weight thereof.

The judgment is therefore affirmed.

Root, Crow, Dunbar, Fullerton, and Hadley, JJ., concur.